UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

| | |
|---|---|
| **COLONY INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**SHANTI SUPER, INC., EDGEWATER SHELL PROPERTY HOLDINGS, INC., VIJAY PATEL, ALFREDA GILBERT, A.K.A. ALFREDA MATTHEWS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRITTANY MATTHEWS, JULIUS COLLIER, and J.T.S., a minor child,**<br><br>Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Colony Insurance Company ("Colony") files this Complaint for Declaratory Judgment and, upon information and belief, states as follows:

### INTRODUCTION

1. This is an insurance coverage dispute in which Colony seeks a judicial determination of its rights and obligations, if any, under an insurance policy issued to Shanti Super, Inc., for two underlying lawsuits brought by Alfreda Gilbert, a.k.a. Alfreda Matthews, as Personal Representative of the Estate of Brittany Matthews (the "Estate").

2. As alleged in the underlying complaints, the Estate's claims arise out of a shooting incident that occurred around 9:00 a.m. on August 3, 2020 at a Shell gas station and convenience store in Jacksonville, Florida, owned or operated by Shanti Super, Inc., Edgewater Shell Property Holdings, Inc., and/or Vijay Patel.

3. Brittany Matthews allegedly was in the Shell parking lot when she was shot and killed by an unknown assailant.

4. The policy issued by Colony includes a "Weapons Exclusion" that bars coverage for "'bodily injury' . . . arising directly or indirectly out of the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person."

5. The fatal injuries sustained by Ms. Matthews would not have occurred but for the possession or use of a firearm by the assailant—and, therefore, coverage for the underlying actions is barred by the Weapons Exclusion.

6. Accordingly, Colony is entitled to a judicial declaration that coverage for the underlying actions is barred in its entirety by the Weapons Exclusion.

7. The policy issued by Colony also includes an Assault and Battery Coverage Limitation, which limits any coverage for claims resulting from an "assault," "battery" or "assault and battery" to $25,000 each occurrence, inclusive of expenses incurred in the defense and adjustment of such claims.

8. Therefore, in the alternative, even if the Weapons Exclusion did not otherwise bar all coverage for the underlying actions, any coverage available is limited to $25,000, including expenses incurred in the defense and adjustment of the claim, pursuant to the Assault, Battery or Assault and Battery Coverage.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff Colony is a Virginia insurance company (not an LLC) with its principal place of business in Virginia.

10. Defendant Shanti Super, Inc. ("Shanti Super") is a Florida corporation with its principal place of business in Jacksonville, Florida.

11. Defendant Edgewater Shell Property Holdings, Inc. ("ESPH") is a Florida corporation with its principal place of business in Jacksonville, Florida.

12. Defendant Vijay Patel is a resident of Jacksonville, Duval County, Florida, and a citizen of the State of Florida.

13. Brittany Matthews, deceased, was a resident of Duval County, Florida, and a citizen of the State of Florida at the time of her death.

14. Alfreda Gilbert, a.k.a. Alfreda Matthews, is a resident of Duval County, Florida and a citizen of the State of Florida.

15. Julius Collier is a resident of Duval County, Florida and a citizen of the State of Florida.

16. J.T.S., a minor, is a resident of Duval County, Florida and a citizen of the State of Florida.

17. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

18. Defendant Shanti Super has tendered the claims by the Estate for coverage to Colony, and is seeking more than $75,000 in defense and indemnity from Colony under its policy. In the underlying lawsuits, the Estate seeks to recover damages in excess of $75,000 for past and future mental pain and suffering, loss of companionship, loss of support and services, and damages for the wrongful death of Ms. Matthews including medical and funeral expenses, loss of prospective net accumulations, and loss of inheritable estate.

19. ESPH and Mr. Patel also seek coverage under the policy with respect to the Estate's claim.

20. This is an action for declaratory judgment, filed pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq*. An actual case and controversy of a justiciable nature exists between Plaintiff and Defendants, involving the rights, duties, and obligations, if any, of the parties under an insurance policy issued by Colony to Shanti Super.

21. Venue in this District is proper pursuant to 28 U.S.C. § 1391(1) and (2), as Defendants reside and conduct business in this District, and a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

## THE POLICY

22. Colony issued Policy No. 101 GL 0077075-03 to Shanti Super for the Policy Period of June 1, 2020 to June 1, 2021 (the "Policy"). A true and correct copy of the Policy, without the application, is attached as **Exhibit 1**.

23. The Policy includes a Commercial General Liability Coverage Part ("CGL Coverage Part") with $1 million each occurrence and $2 million aggregate limits of liability. *See* Policy, CGL Coverage Part Declarations.

24. Subject to all of the stated terms, conditions and limitations, the Policy's Coverage A – Bodily Injury and Property Damage Liability Insuring Agreement affords specified coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'" … that occurs during the policy period at the insured premises—that is, 2309 Edgewood Ave. W., Jacksonville, Duval County, FL 32209—and is caused by an "occurrence." *See* Policy, CGL Coverage Part, Section I.A.1, as amended by the Limitation of Coverage to Designated Premises, Project or Operation Endorsement; *id.*, CGL Coverage Part Declarations.

25. Shanti Super is the Named Insured under the Policy. *See* Policy, Common Policy Declarations and CGL Coverage Part Declarations.

26. Subject to the Policy's stated terms, conditions and limitations, insured status may include a Named Insured's "executive officers"—defined to mean a person holding any of the officer positions created by a charter, constitution, bylaws, or any other similar governing document—as well as its directors, but only with respect to their duties as officers or directors of that entity. *See* Policy, CGL Coverage Part, Section II.1.d and Section V.6.

27. Subject to the Policy's stated terms, conditions and limitations, ESPH can only qualify as an additional insured when Shanti Super has "agreed in writing in a lease, contract or agreement that [ESPH] be added as an additional insured on [its] policy, but only with respect to [ESPH's] liability caused, in whole or in part, by [Shanti Super's] ownership, maintenance or use of that part of the premises leased to [Shanti Super] and shown in the SCHEDULE above"—that is, 2309 Edgewood Ave. W., Jacksonville, FL 32209. *See* Policy, CGL Coverage Part, Section II, as amended by the Additional Insured – Managers or Lessors of Premises Endorsement.

28. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *See* Policy, CGL Coverage Part, Section V.3.

29. "Occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* Policy, Section V.13.

30. Coverage under the Policy is subject to a "Weapons Exclusion," which provides that:

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person.

Policy, CGL Coverage Part, Section I.A.2 and I.B.2, as amended by the Weapons Exclusion Endorsement.

31. The Policy also includes an Assault, Battery or Assault and Battery Coverage Limitation Including Expenses Endorsement (the "Assault and Battery Coverage Limitation Endorsement"), which provides that:

> The most [Colony] will pay under **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, AND COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** for claims and/or "suits" made against [Shanti Super], any insured, any person, any entity or by any means whatsoever resulting from:
>
> **a.** "Assault", "Battery" or "Assault and Battery" caused directly or indirectly, by you, any insured, any person, any entity or by any means whatsoever;

    **b.** the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity or by any means whatsoever;

    **c.** the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

    **d.** the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

    **e.** "Assault", "Battery" or "Assault and Battery" resulting from the negligent employment, investigation, hiring, supervision, training or retention of any person;

\* \* \*

    **h.** death, including allegations of wrongful death, resulting from items a. through g. listed above.

and to which this insurance applies is shown below for this coverage:

        Each Occurrence Limit   $25,000

        Aggregate Limit         $50,000

The Each Occurrence Limits is the most we will pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" sustained and expenses incurred in the defense and adjustment of claims and/or "suits" asserted in any one claim and/or "suit". All claims for damages made by one or more persons because of any one act or series of acts of "Assault", "Battery" or "Assault and Battery" shall be deemed to be one claim.

\*\*\*

The Each Occurrence and Aggregate Limits described above are the most we will pay regardless of the number of insureds. These Limits of Insurance are subject to and not in addition to the General Aggregate Limit shown in the Declarations of the policy. Payments under these Limits of Insurance are part of and erode the policy General Aggregate Limit of Insurance shown in the Declarations.

Policy, CGL Coverage Part, Section III, as amended by the Assault and Battery Coverage Limitation Endorsement.

32. "Assault" is defined to mean "an intentional or unintentional act, including but not limited to … intimidation … or any threatened harmful or offensive contact between two or more persons creating an apprehension in another of immediate harmful or offensive contact; or [] an attempt to commit a 'Battery'." *See* Policy, CGL Coverage Part, Section V, as amended by the Assault and Battery Coverage Limitation Endorsement.

33. "Battery" means "an intentional or unintentional act, including but not limited to … any actual harmful or offensive contact between two or more persons which brings about harmful or offensive contact to another or anything connected to another." *See* Policy, CGL Coverage Part, Section V, as amended by the Assault and Battery Coverage Limitation Endorsement.

34. "Assault and Battery" means the combination of an "Assault" and a "Battery." *See* Policy, CGL Coverage Part, Section V, as amended by the Assault and Battery Coverage Limitation Endorsement.

## THE UNDERLYING ACTIONS AND CLAIM FOR COVERAGE

The *Gilbert* Action

35. On or about May 19, 2022, the Estate filed a complaint in the action captioned, *Alfreda Gilbert as personal representative of the Estate of Brittany Matthews*

9

*v. Edgewood Shell Property Holdings, Inc., et al.*, No. 16-2022-CA-002825 (Fla. Cir. Ct., Duval Cnty.) (the "*Gilbert* action"), naming as defendants ESPH and Shanti Super. *See Gilbert* Complaint, attached as **Exhibit 2**.

36.　As alleged in the *Gilbert* Complaint, ESPH owned the property where the gas station, eatery and convenience store commonly knowns as "Shell" were located at 2309 Edgewood Ave. W. in Jacksonville, Florida, and Shanti Super owned and operated the gas station, eatery and convenience store at that location.

37.　The *Gilbert* Complaint alleges that Ms. Matthews was fatally shot while on the Shell premises.

38.　The *Gilbert* Complaint asserts separate negligence counts against ESPH and Shanti Super, alleging that each defendant breached duties to warn, protect, guard and secure the safety of invitees and the public, including Ms. Matthews, from criminal attacks that were reasonably foreseeable.

39.　The *Gilbert* Complaint seeks recovery under the Florida Wrongful Death Statute on behalf of the Estate and Ms. Matthews' survivors and beneficiaries.

The *Matthews* Action

40.　On or about August 1, 2022, the Estate filed the action captioned, *Alfreda Matthews, as personal representative of the Estate of Brittany Matthews v. Shanti Super, Inc., et al.*, No. 16-2022-CA-004406 (Fla. Cir. Ct., Duval Cnty.) (the "*Matthews*

action"), naming as defendants ESPH, Shanti Super, Mr. Patel, as well as a John Doe, who is described as Ms. Matthews' unknown assailant. *See Matthews* Complaint, attached as **Exhibit 3**.

41. As alleged in the *Matthews* Complaint, ESPH, Shanti Super, and/or Vijay Patel owned the Shell gas station located at 2309 Edgewood Ave. W. in Jacksonville, Florida, and Shanti Super operated the gas station.

42. The *Matthews* Complaint alleges that Ms. Matthews was shot and killed by an unknown assailant while on the premises on August 3, 2020.

43. The *Matthews* Complaint asserts separate negligence counts against ESPH, Shanti Super, and Vijay Patel, alleging alleges that each defendant breached duties to provide a safe business environment, take reasonable steps to deter foreseeable criminal conduct, and provide reasonable security measure to protect invitees from criminal attacks.

44. The *Matthews* Complaint also includes a count for negligence per se against ESPH, alleging that it failed to comply with Florida statutes requiring certain safety measures at convenience stores.

45. For damages, the *Matthews* Complaint seeks recovery under the Florida Wrongful Death Statute on behalf of Ms. Matthews' Estate, survivors and beneficiaries.

The Claim for Coverage under the Policy

46. Shanti Super has tendered the claims by the Estate for coverage under the Policy.

47. Colony currently is providing Shanti Super with a defense in the *Gilbert* action and the *Matthews* action (together, the "Underlying Actions"), subject to a full and complete reservation of its rights under the Policy and at law.

48. ESPH and Mr. Patel may also allege insured status under the Policy with respect to the Estate's claim and the Underlying Actions.

## COUNT I – REQUEST FOR DECLARATORY RELIEF
## WEAPONS EXCLUSION

49. Colony incorporates by reference paragraphs 1-48 as if fully set forth herein.

50. Pursuant to the Weapons Exclusion, coverage under the Policy does not apply to:

> "bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person.

Policy, CGL Coverage Part, Section 1.2, as amended by the Weapons Exclusion Endorsement.

51. The complaints in the Underlying Actions allege injury or damage arising out of the possession, use of, or threatened use of a lethal weapon—that is, the firearm used by the unknown assailant in the fatal shooting of Ms. Matthews.

52. Because all of the alleged injury or damage in the Underlying Actions arises out of the possession, use of, or threatened use of a lethal weapon by any person, the Weapons Exclusion in the Policy applies and bars coverage for Shanti Super, ESPH, Mr. Patel, or any other party in connection with the Underlying Actions or the August 3, 2020 shooting of Ms. Matthews.

53. Defendants dispute Colony's position that the Weapons Exclusion applies and contend that Colony owes coverage in connection with the Underlying Actions under the Policy.

### COUNT II – REQUEST FOR DECLARATORY RELIEF
### ASSAULT AND BATTERY COVERAGE LIMITATION
### (IN THE ALTERNATIVE)

54. Colony incorporates by reference paragraphs 1-48 as if fully set forth herein.

55. Pursuant to the Assault and Battery Coverage Limitation Endorsement, the $25,000 Each Occurrence Limit is the most Colony will pay for:

> claims and/or "suits" made against [Shanti Super], any insured, any person, any entity or by any means whatsoever resulting from:
>
> **a.** "Assault", "Battery" or "Assault and Battery" caused directly or indirectly, by you, any insured, any person, any entity or by any means whatsoever;

13

> b. the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity or by any means whatsoever;
>
> c. the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";
>
> d. the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";
>
> e. "Assault", "Battery" or "Assault and Battery" resulting from the negligent employment, investigation, hiring, supervision, training or retention of any person;
>
> * * *
>
> h. death, including allegations of wrongful death, resulting from items a. through g. listed above.
>
> * * *
>
> The Each Occurrence Limits is the most [Colony] will pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" sustained and expenses incurred in the defense and adjustment of claims and/or "suits" asserted in any one claim and/or "suit" * * * [and] regardless of the number of insureds. * * *

Policy, CGL Coverage Part, Section III, as amended by the Assault and Battery Coverage Limitation Endorsement.

56. The Complaints in the Underlying Actions allege an "Assault," "Battery," and/or an "Assault and Battery" as those terms are defined in the Policy—that is, the alleged shooting of Ms. Matthews.

14

57. All of the claims alleged in the Underlying Actions result from the alleged shooting of Ms. Matthews and fall squarely within the scope of the Assault and Battery Coverage Limitation Endorsement.

58. Therefore, in the alternative, to the extent that the Policy affords any coverage for this matter, any such coverage is limited to the $25,000 Each Occurrence limit of liability pursuant to Assault and Battery Coverage Limitation Endorsement, including expenses incurred in the defense and adjustment of the claim and the Underlying Actions.

59. Defendants dispute Colony's position that the Assault and Battery Coverage Limitation Endorsement applies.

WHEREFORE, Colony Insurance Company respectfully moves this Court for entry of Declaratory Judgment in its favor as follows:

a) Declaring that the Weapons Exclusion applies to bar all coverage under the Policy for the Underlying Actions, such that Colony has no duty to defend or indemnify Shanti Super, ESPH, Mr. Patel, or any other party in connection with the Underlying Actions or the August 3, 2020 shooting of Ms. Matthews;

b) Declaring in the alternative that, to the extent the Policy otherwise affords any coverage for the Underlying Actions, the Assault and Battery Coverage Limitation Endorsement limits any such coverage to the $25,000 Each

Occurrence Limit, including expenses incurred in the defense and adjustment of the claim and the Underlying Actions; and

  c)  Awarding such further relief as the Court may deem appropriate.

Dated: January 31, 2023

**ROBERTS TATE LLC**

/s/ Lena Mirilovic
Lena Mirilovic
Florida Bar No. 92492
lmirilovic@robertstate.com
Parker J. Lavin
(*pro hac vice motion to be filed*)
plavin@robertstate.com
*Attorneys for Plaintiff Colony Insurance Company*

2487 Demere Road, Suite 400
St. Simons Island, GA 31522
912.638.5200 (telephone)
912.638.5300 (facsimile)